1   THE MEHDI FIRM
    AZRA Z. MEHDI (220406)
2   One Market
    Spear Tower, Suite 3600
3   San Francisco, CA 94105
    Telephone: 415/293-8039
4   Fax: 415/293-8001
    azram@themehdifirm.com
5
    Local Counsel for Plaintiff and the [Proposed] Class
6
    HALUNEN & ASSOCIATES
7   CLAYTON HALUNEN
    SUSAN M. COLER
8   MELISSA W. WOLCHANSKY
    1650 IDS Center
9   80 South Eighth Street
    Minneapolis, MN 55402
10  Telephone: 612/605-4098
    Fax: 612/605-4099
11  halunen@halunenlaw.com
    coler@halunenlaw.com
12  wolchansky@halunenlaw.com

13  Attorneys for Plaintiff and the [Proposed] Class

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16  NANCIE LIGON, Individually and on Behalf      )   Case No.
    of All Others Similarly Situated,             )   12   4585
17                                                )
                                                  )   CLASS ACTION
18                          Plaintiff,            )
                    vs.                           )   COMPLAINT FOR:
19                                                )
    L'OREAL USA, INC.,                            )       (1) Violations of California Business &
20                                                )           Professions Code Section 17200, *et*
                                                  )           *seq.*;
21                          Defendant.            )
                                                  )       (2) Violations of California Business &
22                                                )           Professions Code Section 17500, *et*
                                                  )           *seq.*;
23                                                )
                                                  )       (3) Violation of California's Consumer
24                                                )           Legal Remedies Act, California Civil
                                                  )           Code Section 1750, *et seq.*; and
25                                                )
                                                  )       (4) Unjust Enrichment
26                                                )
                                                  )   DEMAND FOR JURY TRIAL
27  _____               )
                                                  )
28

Plaintiff Nancie Ligon, individually and on behalf of all others similarly situated, brings this class action against L'Oréal USA, Inc. ("L'Oréal" or "Defendant"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## INTRODUCTION

1.     This is a class action on behalf of Plaintiff and others similarly situated who purchased Defendant's products that were falsely and misleadingly labeled, marketed and advertised as for sale only in professional beauty salons when consumers can purchase these products in major retail outlets throughout the United States where professional salon services are not available.

2.     Defendant manufactures, advertises, sells and distributes professional hair care products throughout the United States for consumer purchase.  By labeling these products as for sale only in professional salons, Defendant has created a demand for them.  Such labeling, marketing and advertising creates a false perception by the consumer that these products are superior in terms of properties and qualities from products manufactured or distributed to non-salons.

3.     The cachet attached to a "salon-only" product induces consumers to pay a premium for Defendant's products under the false pretense that they are distinct from non-salon products, when they are, in fact, available for purchase at mass retailers as are non-salon products.

4.     Regardless of whether Defendant's products are considered, or actually are, high quality products, Defendant is using the "salon-only" designation – which is false and misleading – to market its products as professional, thereby inducing customers to pay a premium.

CLASS ACTION COMPLAINT

1

1    5.    Defendant intended to capture the cachet, goodwill, price and significant revenues

2    that salon-only products command. As a result of the false and misleading labeling, marketing

3    and advertising, Defendant was able to sell these products to numerous consumers and profit at

4    the consumer's expense.

5

6    6.    Defendant's false and misleading representations violated state and federal law, as

7    detailed below.

8    7.    Plaintiff brings this action individually and on behalf of all those similarly

9    situated to seek redress for injury caused by Defendant's wrongful conduct.

10                              **JURISDICTION AND VENUE**

11    8.    This action is within the original jurisdiction of this Court by virtue of 28 U.S.C.

12    §1332(d)(2). Plaintiff is a citizen of a different state than the Defendant, and the amount in

13    controversy in this class action exceeds $5 million, exclusive of interest and costs.

14

15    9.    This Court has personal jurisdiction over Defendant because Defendant has

16    intentionally and purposefully availed itself of the markets and laws of the State of California by

17    transacting business in this State.

18    10.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(1)-(2). Plaintiff

19    resides in this district and bought Defendant's products within this District.

20                                      **PARTIES**

21    11.    Plaintiff Nancie Ligon is a citizen of California who resides in Sonoma,

22    California. Plaintiff purchased L'Oréal's Matrix Biolage Shampoo at Marketplace Haircutters, a

23    professional hair salon, located at 201 West Napa Street, Sonoma, California 95476 on June 19,

24    2012, and Matrix Biolage Shampoo and Conditioner at the Big Kmart Store, located at 261

25    North McDowell Boulevard, Petaluma, California 94954 on April 19, 2012.

26

27

28

2

CLASS ACTION COMPLAINT

12. Plaintiff purchased the Matrix Biolage Shampoo and Conditioner in reliance upon their labels indicating that they are sold only in professional beauty salons. She understood these labels as confirming that the Matrix line of hair care products is superior in properties and qualities to products manufactured for non-salons. Plaintiff reasonably relied on Defendant's representation that Matrix Biolage Shampoo and Conditioner were "professional" products when she purchased them. Plaintiff further understood that, by advertising that the Matrix line of products was available only in professional salons, Defendant intended to convey to consumers that the Matrix line of products was somehow unique and distinct from hair care products that are not labeled "salon only." As discussed below, to the extent L'Oréal is trading off the "for sale only in professional beauty salons" label and the "professional salon" cachet associated with that label, they are engaging in false advertising. Plaintiff was deceived and misled by Defendant's labeling of its product and is, accordingly, a person who "has suffered injury in fact and has lost money . . . as a result of . . . unfair competition" within the meaning of Cal. Bus. & Prof. Code §17204.

13. Defendant L'Oréal is a Delaware corporation with headquarters at 575 Fifth Avenue, New York, New York 10017. Defendant L'Oréal is engaged in the business of manufacturing and distributing hair care products under the "Matrix" brand name. Matrix offers a wide range of hair care products under its brand, including: Biolage, Amplify, Sleek.look, Vavoom, Curl.life, Color.smart, Opti.smooth, SOCOLOR and Color Sync. All Matrix products bear Matrix's name and trademarks and are listed on Defendant L'Oréal's website under "brands."[1]

---

[1] http://lorealusa.com/_en/_us/

CLASS ACTION COMPLAINT

**FACTUAL ALLEGATIONS**

14.     Hair care products generally fall into two broad categories: (1) mass market products that are marketed and sold through chain drug stores, grocery stores, department stores, and mass retailers such as Target, CVS, Walgreens, Kmart and Kroger and (2) professional or salon-only products that are marketed for sale only through professional beauty salons.

15.     Defendant L'Oréal falsely represents to the public that its Matrix hair care products are manufactured exclusively for the professional salon industry and are therefore only available and sold through professional beauty salons or beauty schools.

**A.     Defendant's False and Misleading Labeling and Advertising**

16.     Defendant advertises its products as for sale only in professional beauty salons on its product labels, on the internet, and in print advertising.

17.     A bottle label for a Matrix product reflecting the salon-only designation is attached to this Complaint as Exhibit A.

18.     Defendant also maintains websites that advertise the professional nature of its salon-only products, including: www.loreal.com, www.matrix.com, and www.matrixbeautiful.com. Defendant L'Oréal's website specifically distinguishes its products between those sold as "Consumer Products" and those sold as "Professional Products." Matrix Biolage is categorized as a "Professional Product," distributed only through salons. It is not included in the list of "Consumer Products" sold in retail outlets.

19.     The "Professional Product" designation under which Matrix Biolage is categorized on www.lorealusa.com states, "L'Oréal Professional supplies a network of exclusive distributors who service professional hairdressers with their cutting edge, professionally

4

1  exclusive haircolor, haircare and styling products."[2]  The website further represents that its

2  "Professional Products" "are formulated to bring unrivaled results when applied by

3  professionally trained hairdressers."[3]

4
5      20.    Defendant's advertising on its website[4] underscores the purported distinction

6  between its professional and consumer products by proclaiming the following:

7          • To ensure a full refund, you MUST have purchased the product
            from an authorized salon/spa.  Matrix can only guarantee the
8          performance of our products when purchased through an
           authorized salon/spa. If you have purchased any of our products
9          from the following, we cannot guarantee that the products are
           within our standards and therefore will not be able to provide you
10         with a refund.

11         • Unauthorized Sales Outlets
12
13         • Any Mass Retailer

14         • Mass Discount Store

15         • Grocery Store

16         • Online Purchases from non-L'Oréal Professional Salon Product Website

17                        *      *      *

18         Only products purchased in a salon or spa are guaranteed to perform to our
19      standards. . . .

20      21.    Defendant has created a demand and cachet for its products by labeling and

21  advertising them as available for sale only through professional salons.  These representations

22  are an important aspect of the products' claimed nature, characteristics, and qualities and allows

23  Defendant to demand a premium for the products.

24  _____

25  [2] *Id.*

26  [3] *Id.*

27  [4] http://www.matrix.com/antidiversion/qa.aspx

28

5

1   22.   By advertising its brands as professional grade and available only through salons,

2   Defendant captures the cachet, goodwill, price, and significant revenues that salon-only products

3   command.  The salon-only label implies a superior quality product that is available only through

4   professionals in hair care.  The salon-only representation also is intended to differentiate these

5   products from those sold only by mass retailers.

6

7   **B.    Defendant Benefits from Claimed "Diversion" of Its Products**

8       23.   Despite Defendant's claims that Matrix professional/salon-only hair care products

9   are sold only in salons, these products are, in fact, sold throughout the country in drug stores,

10  grocery stores, and other mass merchandise retail stores, including Target, Kmart and Walgreens.

11      24.   The sale of professional or salon-only products through stores that do not have a

12  salon on the premises is known in the industry as "diversion."

13

14      25.   On the "Anti-Diversion" page of its website,[5] Matrix suggests that Matrix

15  products sold outside of professional salons are sold without Defendant's knowledge, approval

16  or consent: "Products are diverted by unauthorized distributors and salons or their employees,

17  *plus other dishonest individuals who see profit in piracy.*"  (Emphasis supplied.)

18      26.   Matrix's website further claims that it

19          states on all its advertising "Genuine Products Guaranteed Only In
20          Salons."  This means if you buy our products in a supermarket,
            drugstore or any other outlet other than a salon, we cannot
21          guarantee that it is an authentic Matrix product that will perform as
            tested.
22

23      27.   As part of its "anti-diversion" advertising, the website further states that it

24  "continues in its commitment to aggressively combat diversion" and claims to engage in specific

25  strategies to achieve that goal.

26

27  [5] http://www.matrix.com/antidiversion/

28

1    28.    Upon information and belief, Defendant is aware that Matrix professional/salon-

2  only hair care products are being sold through stores other than salons, and that the product sold

3  is the same "authentic" product sold in its salons.

4
     29.    According to data compiled by ACNielsen's Market Decisions for the years 2000
5
6  to 2011, Defendant L'Oréal owns three heavily diverted brands: Matrix, Redken, and Pureology.

7  When L'Oréal acquired Matrix in 2000, Matrix had sold $3 million of products outside of salons.

8  Under L'Oréal's ownership, by 2008, Matrix had over $122 million in sales outside of salons.

9    30.    For Defendant, every bottle of its professional product sold outside of its stated

10  and intended professional/salon-only use results in an increase in sales revenues and profits.

11
     31.    Upon information and belief, Defendant has the technology and the ability to
12
   trace diverted products to particular distributors, but has instead chosen to turn a blind eye
13
14  toward the practice despite its public statements opposing diversion and its claimed

15  "commitment" to protecting the integrity of its professional brand by stopping the practice.

16    32.    Upon information and belief, Defendant has known of the magnitude of the

17  diversion problem for years and continues to profit from it.

18
     33.    Defendant's claims that it opposes diversion are false as demonstrated by its
19
   failure to take meaningful steps to halt the practice and the hundreds of millions of dollars that
20
   Defendant earns each year from the sale of diverted product.
21

22   **C.    Defendant Has Profited from Its False and Misleading Labeling and Advertising**

23    34.    Defendant's labeling, print and internet advertising, and promotion of its

24  professional products as sold to salons only are literally false and misrepresent the nature,

25  characteristics, qualities and origin of Defendant's products.

26
     35.    Despite its advertising and labeling of its products as available only through
27
   professional salons, Defendant's salon-only products are widely available in grocery stores, drug
28

                                                7

stores, mass merchandise stores, and over the internet. At the point of sale, a reasonable consumer would not have the ability to independently investigate why or how a product that is labeled "for sale only in professional beauty salons" is sold in a mass retailer such as Kmart. Defendant knows of this diversion and knowingly profits from it as described above.

36.     Defendant's labeling, and its print and internet advertising of its professional products as available only in salons, are deceptive and misleading. These representations are likely to cause confusion among consumers and to deceive them as to the affiliation, connection or association of Defendant's products with professional salons, falsely leading consumers to believe that the products have qualities that make them distinct and unique because of their exclusive salon connection and that differentiate these products from hair care products otherwise commercially available in non-salon retail outlets.

37.     Defendant purportedly knows that consumers are willing to pay a premium for products sold exclusively through salons because they associate these products with professional expertise.

38.     Defendant has profited from its false advertising not only with respect to products sold in professional salons, but also with respect to products diverted and sold outside of salons through consumer retail outlets including chain drug stores, grocery stores, department stores, and mass retailers such as Target, Kmart, CVS, Walgreens, and Kroger grocery stores. The "salon-only" designation causes consumers to view Defendant's Matrix line of professional salon products as having a cachet and a presumed quality that commands a higher price than is paid for other non-professional grade products. Accordingly, consumers are willing to pay a premium price for Matrix products both in salons and outside salons.

1

## CLASS ACTION ALLEGATIONS

2      39.    This action is brought and may be properly maintained as a class action pursuant

3    to Fed. R. Civ. P. 23. Plaintiff seeks certification of the following two classes:

4
          **(a)    Nationwide Class**: All consumers throughout the United States
5      who purchased Matrix professional hair care products during the liability period
       for their household use, rather than for resale or distribution, that were marketed
6      under the brand name Matrix and were labeled or advertised as sold only through
       professional salons or beauty schools.
7

8          **(b)    California Class**: All consumers within the State of California
       who purchased Matrix professional hair care products during the liability period
9      for their household use, rather than for resale or distribution, that were marketed
       under the brand name Matrix and were labeled or advertised as sold only through
10     professional salons or beauty schools.

11     40.    Both classes defined above are referred to herein as the "Class." Plaintiff reserves

12   the right to change the Class definition at any time with proper notice.

13
       41.    Excluded from the Class is Defendant, any entity in which Defendant has a
14
     controlling interest or which holds a controlling interest in Defendant, including, but not limited
15
16   to, any salons or distributors in which Defendant has a controlling interest or which Defendant

17   has previously identified as having diverted Defendant's professional products during the

18   liability period and Defendant's legal representatives, assigns and successors.

19     42.    Plaintiff also specifically excludes from the Class any person or entity who has

20   previously commenced and concluded a lawsuit against Defendant arising out of the subject

21   matter of this lawsuit.

22
       43.    Plaintiff also specifically excludes from the Class the Judge assigned to this case
23
24   and any member of the Judge's immediate family.

25     44.    The Class is so numerous that individual joinder is impracticable. The actual

26   number of Class members is unknown at this time, but on information and belief will likely

27

28

9

1    number in the thousands. The actual number of Class members can be determined through sales

2    records in the possession of Defendant.

3

4           45.     Numerous questions of law and fact common to Plaintiff and the Class

5    predominate over any questions that may affect individual Class members, including, without

6    limitation:

7                (a) Whether Defendant's advertising that its salon-only products are available

8                     only in salons is literally false;

9                (b) Whether Defendant's advertising that its salon-only products are available

10                     only in salons is false, misleading, and likely to deceive or confuse

11

12                     consumers;

13                (c) Whether Defendant knew or should have known of the false and misleading

14                     nature of its advertising and labeling before putting the products subject to

15                     such advertising and labeling into the stream of commerce for purchase and

16                     use by Plaintiff and the Class;

17                (d) Whether Defendant's professional hair care products are deceptive in that they

18                     are not as advertised, marketed, and labeled;

19                (e) Whether Defendant acted intentionally in its deceptive and false advertising;

20                (f) Whether Defendant's conduct described above resulted in ill-gotten gains for

21

22                     Defendant and, if so, the extent of the ill-gotten gains; and

23                (g) Whether, and to what extent, injunctive relief should be imposed on

24                     Defendant to prevent such conduct in the future.

25           46.     Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all

26    Class members, purchased Matrix professional hair care products from a salon and/or a mass

27

28    retailer believing that the product was superior to a non-salon product because of the "salon-only

1  designation." The misrepresentations to Plaintiff when she purchased the products are similar to

2  the misrepresentations made to other Class members across the country (and across California).

3  Plaintiff and all Class members have suffered economic injury as a result of Defendant's

4
5  misrepresentations, and Defendant has realized ill-gotten gains associated with the sale of its

6  products both outside and inside salons.

7  47.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has

8  retained experienced counsel with the necessary expertise and resources to prosecute a

9  nationwide consumer class action. Plaintiff and her counsel do not foresee any circumstances

10  where the interests of Plaintiff would be adverse to the interests of the Class.

11  48.  A class action is superior to other available methods for the fair and efficient

12  adjudication of this controversy. It would be economically impractical for Plaintiff and Class

13
14  members to pursue individual actions against Defendant as the costs of prosecution would likely

15  surpass their individual damages. Thus, Plaintiff and Class members would be left with no

16  effective remedy for the damages they suffered and continue to suffer. Class treatment of

17  Plaintiff's claims will permit Plaintiff and the Class to vindicate their rights against Defendant

18  and conserve the resources of the Court and the Parties. Class treatment will also avoid the

19
20  possibility of inconsistent outcomes that could result from a multitude of individual actions in

21  varying jurisdictions nationwide.

22  ## COUNT I

23  ### For Violations of California Business & Professions Code Section 17200, *et seq.*
   ### Unlawful Business Acts and Practices

24  49.  Plaintiff incorporates by reference and realleges all allegations set forth in the

25
26  preceding paragraphs.

27  50.  The acts of Defendant, as described above, constitute unlawful business acts and

28  practices.

11

CLASS ACTION COMPLAINT

51.     In particular, Defendant's manufacturing, marketing, advertising, packaging, labeling, distributing, and selling of its professional hair care products violate California's Sherman Food, Drug, and Cosmetics Law, Cal. Health & Safety Code §109875, *et seq.* (the "Sherman Act").

52.     In relevant part, the Sherman Act declares that cosmetics are misbranded if the labeling on such cosmetics is false or misleading in any particular way and further provides that it is unlawful for any person to misbrand any cosmetic. Cal. Health & Safety Code §§111770, 111765.

53.     The Sherman Act defines a "person" to include corporations. Cal. Health & Safety Code §109995. Defendant is a corporation and, therefore, is a "person" within the meaning of the Sherman Act.

54.     The Sherman Act defines "cosmetic" to mean "any article, or its components, intended to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to, the human body, or any part of the human body, for cleansing, beautifying, promoting attractiveness, or altering the appearance." Cal. Health & Safety Code §109900. Defendant's Matrix line of professional hair care products constitutes "cosmetics" within the meaning of the Sherman Act.

55.     The business practices alleged above are unlawful under the Consumers Legal Remedy Act, Cal. Civ. Code §1750, *et seq.* ("CLRA"), which forbids deceptive advertising.

56.     The business practices alleged above are also unlawful under Cal. Bus. & Prof. Code §17200, *et seq.*, because they violate §17500, *et seq.,* which forbids untrue and misleading advertising.

57.     As a result of the business practices described above, Plaintiff and the other members of the Class, are entitled, pursuant to Cal. Bus. & Prof. Code §17203, to an order

12

1    enjoining future unlawful conduct on the part of Defendant and to such other orders or

2    judgments as may be necessary to force Defendant to disgorge ill-gotten gains or unlawful

3    profits and to fully restore to persons of interest any money or property acquired by Defendant

4    through the mislabeling or deceptive marketing or sale of Matrix professional salon-only

5    products.

6

7         58.    The above-described unlawful business acts and practices of Defendant present a

8    threat and reasonable likelihood of continued deception to Plaintiff and other members of the

9    Class in that Defendant has systematically perpetrated, and continues to perpetrate, such acts or

10   practices upon members of the Class by means of its misleading manufacturing, marketing,

11   advertising, packaging, labeling, distributing, and selling of Matrix hair care products marketed

12   as professional, salon-only, products.

13

14        59.    THEREFORE, Plaintiff prays for relief as set forth below.

15                                      **COUNT II**

16   **For Violations of California Business & Professions Code Section 17200,** *et seq.*
     **Unfair Business Acts and Practices**

17        60.    Plaintiff incorporates by reference and realleges all allegations set forth in the

18   preceding paragraphs.

19

20        61.    The acts of Defendant, as described above, constitute unfair business acts and

21   practices.

22        62.    Plaintiff and the other members of the Class who purchased Defendant's Matrix

23   professional, salon-only hair care products, suffered injury by virtue of buying products they

24   believed had exclusive professional salon affiliations which were not, in fact, professional salon-

25   only products and which they would not have purchased absent Defendant's unfair marketing,

26   advertising, packaging, labeling, distributing, and selling methods.

27

28

CLASS ACTION COMPLAINT

63.     There is no benefit to consumers or competition from deceptive marketing, advertising, packaging, labeling, distributing or selling of Defendant's hair care products. Instead, the harm to consumers and competition is significant and substantial.

64.     Plaintiff and the other members of the Class had no reasonable way of knowing that the products they thought were superior products having exclusive professional salon affiliations were, in fact, not as marketed, advertised, packaged, labeled and sold.  Thus, they could not have reasonably avoided the injury each of them suffered.

65.     Defendant's conduct, as described above, is unfair in that it is unethical, unscrupulous, offends public policy and is substantially injurious to Plaintiff and the other members of the Class.

66.     As a result of the business acts and practices described above, Plaintiff and the other members of the Class are entitled, pursuant to Cal. Bus. & Prof. Code §17203, to an order enjoining future unfair conduct on the part of Defendant as described above, and such other and further orders or judgments as may be necessary to force Defendant to disgorge its ill-gotten gains or unlawful profits and to fully restore to any person of interest any money or property acquired by Defendant wrongly a result of having mislabeled or deceptively marketed its Matrix professional hair care products.

67.     THEREFORE, Plaintiff prays for relief as set forth below.

## COUNT III

**For Violations of California Business & Professions Code Section 17200, *et seq.***
**Fraudulent Business Acts and Practices**

68.     Plaintiff incorporates by reference and realleges all allegations as set forth in the preceding paragraphs.

69.     The acts of Defendant, as described above, constitute fraudulent business practices under Cal. Bus. & Prof. Code §17200, *et seq.*

14

CLASS ACTION COMPLAINT

70.     As more fully described above, Defendant's misleading marketing, advertising, packaging, labeling, distributing and selling of Defendant's professional salon hair care products are likely to deceive reasonable consumers, and, in fact, unquestionably deceived Plaintiff regarding the characteristics of Defendant's product.

71.     This fraud and deception caused Plaintiff and other members of the Class to purchase Defendant's Matrix hair care products based upon their purported exclusive professional salon affiliation and to pay a premium price for such products that they would not have paid had they known that the products were not professional salon-only products.

72.     As a result of the business acts and practices described above, Plaintiff and other members of the Class are entitled, pursuant to Cal. Bus. & Prof. Code §17203, to an order enjoining future fraudulent business acts and practices on the part of Defendant as described above, and such other and further orders or judgments as may be necessary to force Defendant to disgorge its ill-gotten gains and unlawful profits and to fully restore any person of interest wronged as a result of having spent money on Matrix products that were mislabeled or deceptively marketed and sold by Defendant.

73.     THEREFORE, Plaintiff prays for relief as set forth below.

## COUNT IV

### For Violations of California Business & Professions Code Section 17500, *et seq.*
### Misleading and Deceptive Advertising

74.     Plaintiff incorporates by reference and realleges all allegations set forth in the preceding paragraphs.

75.     Plaintiff asserts this cause of action for violations of Cal. Bus. & Prof. Code §17500, *et seq.*, through misleading and deceptive advertising.

76.     At all times material, Defendant engaged in a scheme of advertising Matrix products as professional salon-only hair care products when, in fact, Defendant knew that these

15

CLASS ACTION COMPLAINT

1  products were also sold in non-salon retail stores. In engaging in this conduct, Defendant

2  misrepresented an important characteristic of its products – i.e., their exclusive professional

3  salon affiliation. Defendant's advertisements and inducements concerning its professional salon-

4  only products were made within the State of California and come within the definition of

5  advertising contained in Cal. Bus. & Prof. Code §17500, *et seq.*, in that such advertisements and

6  promotions were intended as inducements to consumers, including Plaintiff and members of the

7  Class, to purchase Defendant's products. Defendant knew, or in the exercise of reasonable care

8  should have known, that its labeling of products was misleading and deceptive.

9

10  77.  In furtherance of its plan and scheme, Defendant has disseminated mislabeled

11  products and distributed advertising, packaging, and other promotional materials, that

12  misleadingly and deceptively represent that Matrix products are sold only through salons.

13  Consumers, including Plaintiff and members of the Class, were targets of these representations

14  and reasonably relied on them.

15

16  78.  Defendant's acts were and are likely to deceive reasonable consumers by

17  suggesting that the Matrix professional hair care products have an exclusive professional salon

18  affiliation which they do not, in fact, have, all in violation of the "misleading prong" of Cal. Bus.

19  & Prof. Code §17500.

20

21  79.  As a result of the above violations of the "misleading prong" of Cal. Bus. & Prof.

22  Code §17500, *et seq.,* Defendant has been unjustly enriched at the expense of Plaintiff and other

23  members of the Class. Pursuant to Cal. Bus. & Prof. Code §17535, Plaintiff and other members

24  of the Class are entitled to an order of this Court enjoining such conduct on the part of Defendant

25  going forward, and such other and further orders or judgments as may be necessary to force

26  Defendant to disgorge its ill-gotten gains or unlawful profits and to fully restore any person of

27

28

16

CLASS ACTION COMPLAINT

interest wronged as a result of having spent money on Matrix products that were mislabeled or deceptively marketed and sold by Defendant.

80.     THEREFORE, Plaintiff prays for relief as set forth below.

## COUNT V

### For Violations of California Business & Professions Code Section 17500, *et seq.* Untrue Advertising

81.     Plaintiff incorporates by reference and realleges all allegations set forth in the preceding paragraphs.

82.     Plaintiff asserts this cause of action for violations of Cal. Bus. & Prof. Code §17500, *et seq.* for untrue advertising by Defendant.

83.     At all times material, Defendant was engaged in a scheme that involved offering Matrix professional, salon-only, hair care products for sale to Plaintiff and other members of the Class by way of, *inter alia*, commercial marketing, advertising, packaging, labeling, and other promotional materials.   These materials misrepresented that Matrix professional hair care products were marketed and sold only through salons, thereby leading consumers to believe that the products were distinctive and unique because of their professional salon affiliation.   These representations and inducements were made within the State of California and come within the definition of advertising as contained in Cal. Bus. & Prof. Code §17500, *et seq.* in that these representations were intended to induce consumers to purchase Matrix products and were intended to reach members of the Class, including Plaintiff.   Defendant knew that the salon-only claims were untrue.

84.     The above-described acts of Defendant in disseminating untrue advertising throughout the State of California deceived Plaintiff and other members of the Class by obfuscating and misrepresenting the nature and quality of the Matrix professional hair care products, all in violation of the "untrue prong" of Cal. Bus. & Prof. Code §17500.

17

85.    As a result of the above violations of the "untrue prong" of Cal. Bus. & Prof. Code §17500, *et seq.*, Defendant has been unjustly enriched at the expense of Plaintiff and the other members of the Class. Pursuant to Cal. Bus. & Prof. Code §17535, Plaintiff and the other members of the Class are entitled to an order of this Court enjoining future untrue advertising by Defendant as described above, and such other and further orders or judgments as may be necessary to force Defendant to disgorge its ill-gotten gains and unlawful profits and to fully restore any person of interest wronged as a result of having spent money on Matrix products that were mislabeled or deceptively marketed and sold by Defendant.

86.    THEREFORE, Plaintiff prays for relief as set forth below.

### COUNT VI

**For Violations of the California Consumers Legal Remedies Act,
California Civil Code Section 1750, *et seq.*
Injunctive Relief Only**

87.    Plaintiff incorporates by reference and realleges all allegations set forth in the preceding paragraphs, except to the extent that they seek anything other than injunctive relief.

88.    This cause of action is brought under the CLRA.

89.    Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they relate to transactions that are intended to result, or which have resulted, in the sale of goods to consumers.

90.    Plaintiff and the other members of the Class are "consumers" as that term is defined by the CLRA, Cal. Civ. Code §1761(d).

91.    The Matrix professional hair care products that Plaintiff and other members of the Class purchased from Defendant are "goods" within the meaning of Cal. Civ. Code §1761(a).

92.    By engaging in the actions, misrepresentations, and misconduct set forth in this Complaint, Defendant has violated, and continues to violate, Section 11709(a)(5) of the CLRA.

18

1  Specifically, in violation of Cal. Civ. Code §1770(a)(5), Defendant's acts and practices constitute

2  unfair methods of competition and unfair or fraudulent acts or practices in that they misrepresent

3  that goods have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities

4  which they do not have.

5

6  93.     By engaging in the actions, misrepresentations, and misconduct set forth in this

7  Complaint, Defendant has violated, and continues to violate, Section 1170(a)(7) of the CLRA.

8  Specifically, in violation of Cal. Civ. Code §1770(a)(7), Defendant's acts and practices constitute

9  unfair methods of competition and unfair or fraudulent acts or practices in that they misrepresent

10  the particular standard, quality or grade of goods.

11  94.     By engaging in the actions, misrepresentations and misconduct set forth in this

12  Complaint, Defendant has violated, and continues to violate, Section 1770(a)(9) of the CLRA.

13

14  Specifically, in violation of Cal. Civ. Code §1770(a)(9), Defendant's acts and practices constitute

15  unfair methods of competition and unfair or fraudulent acts or practices in that they advertise

16  goods with intent not to sell them as advertised.

17  95.     Pursuant to Cal. Civ. Code §1780(a) (2), Plaintiff requests that this Court enjoin

18  Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein.

19  If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff

20  and other members of the Class will continue to suffer harm.

21

22  96.     This cause of action does not, at this point, seek monetary damages but is

23  confined solely to injunctive relief. Plaintiff will seek to amend this Complaint to seek damages

24  in accordance with the CLRA after providing Defendant with notice pursuant to Cal. Civ. Code

25  §1782.

26  97.     THEREFORE, Plaintiff prays for injunctive relief as provided by the CLRA.

27

28

19

CLASS ACTION COMPLAINT

## COUNT VII

### Unjust Enrichment

98.     Plaintiff incorporates by reference and realleges all allegations set forth in the preceding paragraphs.

99.     As a result of its deceptive conduct, Defendant was enriched at the expense of Plaintiff and those similarly situated.

100.    It would be unjust and inequitable for Defendant to retain its profits earned from misrepresenting its products to increase sales.

101.    Therefore, the funds that Defendant received from consumers should be disgorged as illegally gotten gains.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and all other similarly situated, prays for judgment as requested above against Defendant and further prays for:

A.      An order certifying the Class proposed in this Complaint and appointing Plaintiff and her counsel to represent the Class and requiring Defendant to bear the cost of class notice;

B.      Restitution and/or disgorgement of amounts paid by Plaintiff and members of the Class for the purchase of the product, together with interest from the date of payment;

C.      Compensatory damages to the extent allowed by law;

D.      Injunctive relief only pursuant to Cal. Civ. Code §1780, as Plaintiff through this Complaint at this point expressly does not seek any monetary type of relief pursuant to the CLRA;

E.      An order granting injunctive relief requiring Defendant to stop marketing its professional hair care products as products sold only in salons;

F.      Statutory prejudgment interest;

20

1    G.    Reasonable attorneys' fees as permitted by Cal. Civ. Proc. Code §1021.5, as well

2  as the costs of this action;

3    H.    Other legal and equitable relief permitted with respect to the causes of action

4  stated herein;

5

6    I.    A trial by jury on all issues so triable; and;

7    J.    Such other and further relief as the Court may deem just and proper.

8                           **DEMAND FOR JURY TRIAL**

9    Plaintiff hereby demands a trial by jury with respect to any claims so triable.

10  DATED: August 30, 2012                THE MEHDI FIRM

11

12                                              AZRA Z. MEHDI

13                                        One Market
                                          Spear Tower, Suite 3600
14                                        San Francisco, CA 94105
                                          Telephone: 415/293-8039
15                                        Fax: 415/293-8001
                                          azram@themehdifirm.com
16
                                          Local Counsel for Plaintiff and the [Proposed]
17                                        Class

18                                        HALUNEN & ASSOCIATES
                                          CLAYTON HALUNEN
19                                        SUSAN M. COLER
                                          MELISSA W. WOLCHANSKY
20                                        1650 IDS Center
                                          80 South Eighth Street
21                                        Minneapolis, MN 55402
                                          Telephone: 612/605-4098
22                                        Fax: 612/605-4099
                                          halunen@halunenlaw.com
23                                        coler@halunenlaw.com
                                          wolchansky@halunenlaw.com
24
                                          Attorneys for Plaintiff and the [Proposed] Class
25

26

27

28

                                          21
     CLASS ACTION COMPLAINT